**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**THE AMERICAN CIVIL LIBERTIES UNION OF NEW MEXICO; THE LEAGUE OF WOMEN VOTERS OF ALBUQUERQUE/BERNALILLO COUNTY, INC.; SAGE COUNCIL; NEW MEXICO COALITION TO END HOMELESSNESS; ANNE KASS; ALEXANDRA KAZARAS**, and **BARBARA GROTHUS**,

    Plaintiffs,

vs.                                                                                             No. CIV 05-1136 MCA/WDS

**MILLIE U. SANTILLANES**,
**ALBUQUERQUE CITY CLERK**,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO INTERVENE AND
GRANTING LEAVE TO FILE AMICUS CURIAE BRIEF**

**THIS MATTER** comes before the Court on the *Motion to Intervene* [Doc. 32] as defendants filed on behalf of Vicky S. Perea, Dwight Adkins, and Glen Stout on June 13, 2006, the *Motion for Leave to File Amicus Curiae Briefing* [Doc. 34] in support of the Albuquerque Voter I.D. Amendment filed by the American Center for Voting Rights Legislative Fund (ACVR) on June 13, 2006, and the *Motion Requesting Expedited Consideration of Proposed Defendants-In-Intervention's Motion to Intervene* [Doc. 38] filed on July 3, 2006. Having considered the parties' submissions, the relevant law, and otherwise

being fully advised in the premises, the Court denies the motion to intervene but grants ACVR's motion for leave to file an amicus curiae brief.

I.   **BACKGROUND**

Plaintiffs filed this civil action on October 27, 2005, seeking to enjoin and declare unconstitutional an amendment to the Election Code of the Albuquerque City Charter that would require the Municipal Election Clerk to ask all registered voters who wish to vote in person at future municipal elections to produce a valid identification card containing their name and photograph. [Ex. to Doc. 20.] If such voters do not produce one of the required forms of photographic identification, then the amendment provides that they will not be allowed to vote or their provisional ballots will not be counted unless they file an affidavit provided by the City Clerk within the ten-day canvassing period following an election, in which they swear or affirm under penalty of perjury that they have a religious objection to being photographed. These requirements of the amendment do not apply to persons who wish to vote by means of an absentee ballot, nor does the amendment affect the procedure for registering to vote.

With the consent of the Defendant, Plaintiffs amended their pleading on January 3, 2006, and again on April 24, 2006. [Doc. 5, 20.] The Honorable W. Daniel Schneider, United States Magistrate Judge, held a scheduling conference pursuant to Fed. R. Civ. P. 16 and D.N.M. LR-Civ. 16.1 on April 10, 2006, [Doc. 13] which resulted in an *Initial Pretrial Report* [Doc. 23] filed on April 24, 2006. The *Initial Pretrial Report* set a trial date of February 13, 2007, and a number of pretrial case-management deadlines, including a

discovery deadline of July 26, 2006, which Defendant recently has moved to extend until August 15, 2006, so that certain depositions previously contemplated by the parties can be completed. [Doc. 23, 37, 39.]

On June 13, 2006, three individuals joined in filing a motion to intervene as defendants in the case, which Plaintiffs oppose. [Doc. 32, 36.] Plaintiffs have not stated any opposition to the motion for leave to file an amicus brief filed by the ACVR on the same date. [Doc. 34.] Noting that completion of briefing on their motion to intervene would not occur until near the close of discovery, the three applicants also filed a motion to expedite consideration of their motion to intervene on July 3, 2006, asserting that they needed an expedited ruling so that they could participate in the depositions that the existing parties have scheduled during this time period. [Doc. 38.] Briefing on the motion to intervene was completed on July 7, 2006. [Doc. 40.]

## II.   ANALYSIS

Intervention under Fed. R. Civ. P. 24 is only permitted "[u]pon timely application." A timely application to intervene as of right under Fed. R. Civ. P. 24(a)(2) also requires a showing that "the applicant claims an interest relating to the property or transaction which is the subject of the action[,] . . . the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest," and the applicant's interest is not "adequately represented by the existing parties." A timely application for permissive intervention under Fed. R. Civ. P. 24(b) requires a showing that the "applicant's claim or defense and the main action have a question of law or fact in

common" and consideration of "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

### A.    Timeliness

In this case, the applicants' request to expedite consideration of their motion to intervene highlights the extent to which they have failed to meet the threshold requirement of timeliness. "The timeliness of a motion to intervene is assessed 'in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances.'" Utah Ass'n of Counties v. Clinton, 255 F.3d 1246, 1250 (10th Cir. 2001) (quoting Sanguine, Ltd. v. United States Dep't of Interior, 736 F.2d 1416, 1418 (10th Cir. 1984)). I find that none of these factors weigh in favor of granting the motion to intervene.

Time is of the essence in litigating and resolving claims that seek to enjoin or enforce election laws, inasmuch as a ruling on such claims is needed before the next election to which those laws apply, and election officials need time to prepare for any changes in the law occasioned by such ruling. See, e.g., Daggett v. Comm'n on Governmental Ethics, 172 F.3d 104, 113 (1st Cir. 1999)). Thus, the unusual circumstances presented by the nature of the relief sought in such cases weigh in favor of strictly construing the timeliness requirements of Fed. R. Civ. P. 24 in this context.

In this case, both the amendment to Albuquerque's Election Code and the civil action aimed at enjoining it have been highly publicized from the outset. Thus, I find that the

applicants must have known of their asserted interest in the case at a very early point in the litigation. Despite this knowledge, they waited to file their motion to intervene until the discovery plan and case-management deadlines among the existing parties already had been set and the time for completing discovery is nearing an end. Under these circumstances, I find that their demand to intervene on an expedited basis so that they can participate in the remaining discovery is unfairly prejudicial to the existing parties (especially Plaintiffs) which have shaped their litigation strategy and planned their briefing on the anticipated dispositive motions listed in the *Initial Pretrial Report* based on the existing discovery schedule (including the time allotted for depositions) and other case-management deadlines.

If, on the other hand, the applicants do not wish to inject new issues into the case and are content to work with the previously scheduled discovery conducted by the existing parties to the case, then as a practical matter I find that they are not significantly prejudiced by the denial of their motion to intervene. While I recognize that "the right to file a brief as amicus curiae is no substitute for the right to intervene as a party" under Fed. R. Civ. P. 24(a)(2), Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Dept. of the Interior, 100 F.3d 837, 844 (10th Cir. 1996), the difference between granting a motion to intervene as a party and granting leave to appear as an amicus curiae diminishes significantly when the applicant does not seek to inject new issues into the case or expand the scope of discovery. Thus, if the applicants' purpose is simply to ensure that their views and experiences concerning the legality and importance of the 2005 amendment to the Albuquerque Election Code are taken into consideration during the briefing on dispositive

motions and, if necessary, at trial, then that purpose can be accommodated by means of allowing them to appear as an amicus curiae rather than an intervening party. See 6 James Wm. Moore *et al.*, Moore's Federal Practice §24.23[2], at 24-88 (2006).

### B.   Intervention as of Right

As noted above, Fed. R. Civ. P. 24(a)(2) imposes other requirements for intervention as of right, in addition to timeliness, and it is the applicants' burden to show that they have met each and every one of these requirements. See 6 James Wm. Moore *et al.*, supra, § 24.03[1], at 24-23. The first requirement, showing an interest in the subject matter of the litigation, is easily met in a public-interest case such as this one, because all of the applicants have asserted an important interest in protecting their voting rights through the detection and prevention of voter fraud. See Utah Ass'n of Counties, 255 F.3d at 1251 (recognizing that non-economic interests may suffice for purposes of intervening as of right in some instances). This interest, however, is shared by all eligible voters as well as the election officials charged with administering the municipal elections at issue here. Thus, to conclude that the applicants are entitled to intervene as of right based on the importance of their asserted interest alone would mean that any voter could intervene as of right in this action.

Fed. R. Civ. P. 24(a)(2) does not countenance such a meaningless standard. Rather, this rule requires that, in addition to demonstrating an interest in protecting their voting rights, the applicants must show a significant nexus between that interest, the impairment of their ability to protect it, and the inadequacy of the representation provided by one or more of the existing parties. See FDIC v. Jennings, 816 F.2d 1488, 1492 (10th Cir. 1987) ("[W]e

have recognized that the interest and impairment requirements of Rule 24(a)(2) are intertwined.").

In particular, the applicants must show that absent their intervention to stop the amendment to the Albuquerque Election Code from being enjoined and declared unconstitutional, their interests will be impaired or impeded in a practical, rather than theoretical, sense.  See 6 James Wm. Moore *et al.*, supra, § 24.03[3][a], at 24-42.  In this regard, it is important to note that the amendment at issue here only purports to apply to registered voters who seek to vote in person at future municipal elections in the City of Albuquerque.  The amendment does not affect the existing procedure for registering to vote, and even in its absence Plaintiffs admit that the requirements of state and federal election law would still apply by default.

Thus, the fate of this amendment does not, as a practical matter, impair or impede Applicant Perea's election campaign for the statewide office of Secretary of State, nor does it impair or impede the effect of any federal or statewide election laws pertaining to the Presidential election in which Applicant Adkins claims he was deprived of his vote in 2004.  Similarly, the amendment does not purport to change the voter registration process through which Applicant Stout claims his thirteen year-old son was improperly registered to vote two years ago.

For these reasons, the applicants also have not shown the impairment of a specific interest unique to them that may not be adequately represented by an existing party, namely the City Clerk charged with administering the municipal election laws.  While it is true that

the Government's interest as a representative of all citizens may diverge in some cases from the private interests of a prospective intervener, see, e.g., Utah Ass'n of Counties, 255 F.3d at 1254-56, such divergence occurs primarily when the prospective intervener asserts privately held interests in a particular property, as opposed to the generalized public interest in protecting voter rights asserted here. And with respect to this generalized public interest, the applicants have not shown how they would bring any new issues or evidence to the litigation that have a specific nexus to the amendment at issue here and that cannot or will not be presented by the existing parties. See 6 James Wm. Moore *et al.*, supra, §§ 24.03[4][a], at 24-43.

A presumption of adequate representation applies here because the applicants who seek to intervene and the City Clerk who already appears as a defendant share the same ultimate objective in the litigation (namely, upholding and enforcing the 2005 amendment to the Albuquerque Election Code), see id. § 24.03[4][a][ii], at 24-44, and because the existing defendant is a government official charged with representing the interests of all voters, see id. § 24.03[4][iv][A], at 24-49 (noting that "the business of government could hardly be conducted if, in matters of litigation, individual citizens could always intervene and assert individual points of view"). The applicants have failed to rebut this presumption, nor have they made even a minimal showing to support their vague speculation that the City Clerk's interest in defending the amendment to the Election Code approved by a majority of voters in October 2005 may somehow diminish or disappear during the course of this litigation. In this regard, the *Initial Pretrial Report* [Doc. 23] expressly states that Defendant

-8-

does not have the power or authority to settle this case by agreeing to the relief Plaintiffs seek because to do so would require the invalidation of a city charter amendment approved by voters. Under these circumstances, Defendant has no choice but to oppose the relief sought by Plaintiffs regardless of the applicants' efforts. For these reasons, the applicants have failed to show that their interests will not be adequately represented, and they are not entitled to intervene as of right under Fed. R. Civ. P. 24(a)(2).

### C.     Permissive Intervention

In the event that they are not permitted to intervene as of right under Fed. R. Civ. P. 24(a)(2), the applicants move for permissive intervention under Fed. R. Civ. P. 24(b). As the name implies, permissive intervention is committed to the trial court's discretion, and a trial court also retains the discretion to impose limits or conditions upon a permissive intervener. See 6 James Wm. Moore *et al.*, supra § 24.23[1], at 24-86. For the reasons previously stated, I find that time is of the essence in this litigation and that allowing the applicants to permissively intervene at this juncture will unduly delay or unfairly prejudice the adjudication of the rights of the original parties. I further find that the purposes which the applicants seek to advance through such intervention can be accomplished within the more limited and conditional role of an amicus curiae. See id. § 24.23[2], at 24-88 to 24-89 & n.11 (citing Daggett, 172 F.3d at 112). Therefore, the applicants' motion for permissive intervention is denied.

### D. <u>Leave to Appear as Amicus Curiae</u>

In contrast to the motion to intervene discussed above, the ACVR only seeks leave to file a memorandum brief as an amicus curiae. [Doc. 34.] In support of its request, the ACVR states that it can provide special insight and expertise on the legal issues raised by this controversy because of its status as a national, non-profit organization that tracks and, in some cases, participates in election-reform legislation and litigation throughout the country.

I find that the filing of an amicus curiae brief by this organization is likely to assist the Court and would not unduly delay or unfairly prejudice the adjudication of the rights of the existing parties so long as this filing occurs at a future date that is consistent with the parties' deadline for filing dispositive motions as stated in the *Initial Pretrial Report*. [Doc. 23.] Accordingly, ACVR's motion is granted with the condition that the proposed amicus brief must comply with the page limits for a dispositive motion stated in D.N.M. LR-Civ. 7.7 and is due on or before September 14, 2006. The ACVR must request further leave of Court if it seeks to expand its role as an amicus curiae beyond the filing of a memorandum brief.

The three applicants in intervention also may file a motion for leave to appear as amici in this case; however, the Court will not rule on whether to grant such leave unless or until a written motion is filed and the existing parties have had an opportunity to respond to it within the time period contemplated by D.N.M. LR-Civ. 7.6. Thus, such a motion should be filed well in advance of the deadline for dispositive motions stated in the *Initial Pretrial Report*.

### III.     CONCLUSION

For the foregoing reasons, the *Motion to Intervene* [Doc. 32] as defendants filed on behalf of Vicky S. Perea, Dwight Adkins, and Glen Stout is untimely and meets neither the requirements for intervention as of right under Fed. R. Civ. P. 24(a)(2) nor the requirements for permissive intervention under Fed. R. Civ. P. 24(b).  I reach a different conclusion as to the *Motion for Leave to File Amicus Curiae Briefing* [Doc. 34] in support of the Albuquerque Voter I.D. Amendment filed by the American Center for Voting Rights Legislative Fund (ACVR), and that organization is granted leave to file an amicus brief by no later than September 14, 2006, that complies with the page limits for a dispositive motion stated in D.N.M. LR-Civ. 7.7.

**IT IS, THEREFORE, ORDERED** that the the *Motion to Intervene* [Doc. 32] as defendants filed on behalf of Vicky S. Perea, Dwight Adkins, and Glen Stout is **DENIED**.

**IT IS FURTHER ORDERED** that the ACVR's *Motion for Leave to File Amicus Curiae Briefing* [Doc. 34] is **GRANTED** under the conditions specified above.

**IT IS FURTHER ORDERED** that the *Motion Requesting Expedited Consideration of Proposed Defendants-In-Intervention's Motion to Intervene* [Doc. 38] is **DENIED AS MOOT**.

**SO ORDERED** this 12th day of July, 2006, in Albuquerque, New Mexico.

                                                                             _____
                                                                             **M. CHRISTINA ARMIJO**
                                                                             **UNITED STATES DISTRICT JUDGE**