## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**THE AMERICAN CIVIL LIBERTIES UNION OF NEW MEXICO; THE LEAGUE OF WOMEN VOTERS OF ALBUQUERQUE/BERNALILLO COUNTY, INC.**; **SAGE COUNCIL; NEW MEXICO COALITION TO END HOMELESSNESS**; **ANNE KASS**; **ALEXANDRA KAZARAS**, and **BARBARA GROTHUS**,

        Plaintiffs,

    vs.                        No. CIV 05-1136 MCA/WDS

**MILLIE U. SANTILLANES, ALBUQUERQUE CITY CLERK**,

        Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court *sua sponte* following the parties' supplemental briefing in response to the question whether it is within this Court's equitable jurisdiction to resolve any remaining dispute about how to apply the choice-of-law provisions in the Albuquerque City Charter, the Municipal Election Code, and the State Election Code after the Court declared unconstitutional and enjoined Defendant from enforcing the photo ID requirements set forth in the October 2005 City Charter amendment. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court concludes that it is not necessary to further address the

application of these choice-of-law provisions in this forum at this time.  Therefore, the Court will vacate the bench trial set for March 13, 2007, and proceed to enter a final order.

## I.    BACKGROUND

The history of this litigation is set forth in the Court's prior *Memorandum Opinion and Order* [Doc. 88] filed on February 12, 2007.  In briefing the cross-motions for summary judgment addressed in that prior ruling, the parties expressed disagreement concerning which provisions of the New Mexico statutes pertaining to elections would apply in the event that the Court declared the October 2005 City Charter amendment unconstitutional and enjoined its enforcement.  In particular, the parties identified two possible alternatives in the New Mexico statutes that Defendant might apply to persons seeking to vote in person at their precinct polling place on the City of Albuquerque's next municipal election day.

The first alternative is to use the following procedure set forth in the 2005 amendments to the State Election Code:

> A.   When a voter presents himself at the polls to vote, he shall announce his name and address in an audible tone of voice.  When an election judge finds the voter's name in the signature roster, he shall in like manner repeat the name of the voter.  The election judge shall then ask the voter to provide the required voter identification.  The voter shall then sign his name or make his mark on the signature line in the copy of the signature roster to be returned to the county clerk.  Upon the voter's name or mark being written in the signature roster, a challenge may be interposed as provided in the Election Code.

> B.  If a voter fails to provide the required voter identification, the voter shall be allowed to vote on a provisional ballot.

N.M. Stat. Ann. 1-12-10 (Michie Supp. 2006).  This procedure is the one used in statewide

elections after 2005, and it allows for methods of voter identification that do not require a

photo ID.  See id. §§ 1-1-23, 1-1-24.

The second alternative is to use the voting procedure set forth in the following

provision of the Municipal Election Code, which predates both the 2005 amendments to the

State Election Code and the October 2005 City Charter amendment:

> A.  When a person presents himself at the polls to vote, he shall announce his name and address in an audible tone of voice and locate his name and number in the registered voter list posted for such purpose.  An election clerk shall locate the person's name and number in the signature roster.  The person shall then sign his name in the signature roster, or if he is unable to write, the election clerk shall sign his name in the signature roster which shall be initialed by an election judge in the signature roster.  Thereupon, a challenge may be interposed as provided in the Municipal Election Code.

> B.  If no challenge is interposed, an election clerk shall issue a voting machine permit to the person upon which shall be written his voter registration list number.  The person shall present the voting machine permit to the precinct board member activating the machine and the person shall be allowed to vote.  The precinct board member shall enter the public counter number onto the voting machine permit as shown on the voting machine after the person has voted.  All voting machine permits shall be retained in consecutive order and made part of the election returns.

N.M. Stat. Ann. § 3-8-41 (Michie 1999).  This second alternative does not expressly include

the identification requirements of the 2005 amendments to the State Election Code, much

less the more stringent requirements of the October 2005 City Charter amendment.

In their supplemental briefs filed on February 26, 2007, both parties indicate that it

is now unnecessary for the Court to further address these alternatives as part of the remedy

ordered in this case.  Defendant asserts that it is unnecessary for this Court to decide between

-3-

the two alternatives presented in the New Mexico statutes quoted above because there is no allegation that either alternative would be unconstitutional under any of the theories presented in Plaintiffs' pleading.  [Doc. 90.]  Plaintiffs allude to the possibility that City or State officials may wish to amend or revise the City's voting procedure to conform with the State Election Code without the need for a further ruling by this Court.  [Doc. 89.]

II.    **ANALYSIS**

When judicial review is undertaken before an election, our Supreme Court has recognized the need for "clear guidance" so as to avoid "voter confusion and consequent incentive to remain away from the polls."  Purcell v. Gonzalez, 127 S. Ct. 5, 7 (2006) (per curiam).  The Purcell opinion arose from a situation where a district court denied a request to preliminarily enjoin enforcement of an Arizona voter identification law in the election scheduled for November 7, 2006.  The district court did not enter findings of fact or conclusions of law in support of that ruling until October 12, 2006.  In the meantime, the plaintiffs appealed the denial of their request for a preliminary injunction to the Ninth Circuit.  On October 5, 2006, before the district court had entered its findings of fact and conclusions of law, a two-judge panel of the Ninth Circuit entered a four-sentence order preliminarily enjoining the State from enforcing its voter identification law pending disposition of the plaintiff's appeal.  See id. at 6.

Our Supreme Court vacated the Ninth Circuit panel's four-sentence order because it failed to provide any reasoned explanation of why the district court's ruling was in error, and because it would have precipitated a sudden change in the State's anticipated voting

procedure on the eve of the election without providing clear guidance on how to implement that change.  See id. at 7-8.  Without such clear guidance, court orders imposing sudden changes on the eve of an election run the risk of disrupting the efforts of both the government officials charged with administering that election and the organizational plaintiffs seeking to preserve the voting rights of their constituents.  Both parties to the controversy need to know the ground rules for the election well in advance of the next election date so they can make the necessary preparations to proceed under those rules.

My purpose in directing the parties to file supplemental briefs in the case at bar is to ensure that the problems identified in Purcell do not arise when the City of Albuquerque conducts its next municipal election or when an appellate court seeks to conduct an informed review of the record in advance of that election.  Before entering a final order, the Court needs to ensure that there are no gaps or omissions in the specific relief awarded here that would prevent the parties from obtaining the necessary guidance on how to proceed with the City's next municipal election or place an appellate court in the untenable position of having to provide such guidance without a sufficient record at the last minute before the election.

After reviewing the parties' supplemental briefs, I am persuaded that the choice-of-law provisions articulated in the Court's prior *Memorandum Opinion and Order* [Doc. 88] provide legally sufficient guidance as to how to select the applicable voting procedure for the City of Albuquerque's next municipal election in the absence of the October 2005 City Charter amendment.  The parties also appear to agree that, if necessary, there is sufficient time to resolve the choice-of-law question in another forum in advance of the next election.

Principles of federalism, as well as equitable considerations, weigh strongly in favor of allowing this question to be decided in a state or local forum rather than a federal court. See Ayotte v. Planned Parenthood of N. New England, 126 S. Ct. 961, 967-68 (2006); 6001, Inc. v. City of Albuquerque, No. 02-97 MCA/DJS, slip. op. at 11-14 (D.N.M. Mar. 22, 2002) (unpublished memorandum opinion and order).  The Court's analysis of whether the October 2005 City Charter amendment violates the First or Fourteenth Amendments does not depend on which of the two alternatives provided in the New Mexico statutes would apply in its absence.   [Doc. 88, at 79 n.19.]  Neither party contends that the two alternative voting procedures set forth in the New Mexico statutes would violate the United States Constitution or conflict with the injunctive relief the Court has ordered in this case.  [Doc. 89, 90.]  Thus, the parties have identified no federal question embedded in the choice between these two alternatives.

Further, if the Court were to require the parties to implement a particular voting procedure chosen from the New Mexico statutes, instead of simply enjoining enforcement of the October 2005 City Charter amendment, the Court would run the risk of unnecessarily tying the hands of the Legislative Branch and preventing lawmakers from selecting a constitutionally permissible alternative that best accords with their policy objectives.  It is not the Court's role to rewrite state and local laws or to nullify more of the state statutes or municipal charter provisions than is necessary.  See Ayotte, 126 S. Ct. at 967-68.  Under our system of government, legislative bodies are better suited to make the choice when, as here,

the parties have identified two or more constitutionally permissible alternatives to choose from.

## III.   **CONCLUSION**

For the above reasons, the Court finds it unnecessary to add to the declaratory and injunctive relief previously ordered in this case by requiring the parties to follow a particular interpretation of the choice-of-law principles set forth in the State Election Code, the Municipal Election Code, and the Albuquerque City Charter.

**IT IS, THEREFORE, ORDERED** that the CALENDAR CALL previously scheduled for March 8, 2007, at 9:00 a.m., and the BENCH TRIAL previously scheduled for March 13, 2007, at 9:00 a.m., are **VACATED**, and a final order will be entered concurrently herewith.

**SO ORDERED** this 6th day of March, 2007, in Albuquerque, New Mexico.

_____

**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**